IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE WELDON, #Y45784, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-00684-JPG |
| | ) |
| CAHOKIA POLICE DEPARTMENT | ) |
| and RICHARD WATSON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Willie Weldon, an inmate who is currently incarcerated in Pinckneyville Correctional Center, brings this action for constitutional deprivations pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that he was subjected to the unlawful use of force during his arrest by Cahokia Police Department that resulted in a concussion, broken arm, and bruising in March 2019. (Doc. 1, p. 6). He was then denied medical treatment for his injuries at St. Clair County Jail. (*Id*.). Plaintiff brings a claim of excessive force against the arresting agency, *i.e.*, Cahokia Police Department, and a claim for the denial of medical care against the holding agency, *i.e.*, St. Clair County Jail / Sheriff Richard Watson. (*Id*.). He seeks money damages. (*Id*. at 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d

1

816, 821 (7th Cir. 2009). Before the Court screens the Complaint, however, it must first determinate whether any claims are improperly joined in this action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

**Count 1:**  Fourth Amendment claim against Cahokia Police Department for using excessive force against Plaintiff during his arrest in March 2019.

**Count 2:**  Fourth, Fourteenth, or Eighth Amendment claim against Sheriff Watson for denying Plaintiff medical care for injuries he sustained during his arrest in March 2019, after he was detained at St. Clair County Jail in March 2019.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Severance

Plaintiff's two claims involve distinct groups of defendants, separate transactions or occurrences, few common questions of fact, and different legal theories. As such, the two claims cannot proceed together in the same suit. *See* FED. R. CIV. P. 18, 20(a)(2). District courts must apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff's excessive force claim in Count 1 against Cahokia Police Department cannot proceed together with his claim for denial of medical care in Count 2 against Sheriff Watson. Accordingly, Count 2 shall be severed into a separate suit, assigned a new case number, and assessed an additional filing fee of $402.00. If Plaintiff chooses to proceed with the severed case, the Court will screen Count 2 under 28 U.S.C. § 1915A.

### Count 1

Count 1 is now subject to preliminary review under 28 U.S.C. § 1915A. Claims of excessive force during a stop, arrest, or other seizure of a free citizen are analyzed under the Fourth Amendment's reasonableness standard. *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (citing *Graham v. Connor*, 490 U.S. 386, 395-97 (1989)). What is considered reasonable or excessive in the way of force turns on the totality of the circumstances viewed from the standpoint of a "reasonable officer on the scene." *Id*. See also *Richman v. Sheahan*, 512 F.3d 876, 885 (7th Cir. 2008). As with other claims brought pursuant to Section 1983, this claim must be brought against a "person" subject to suit under the statute.

Cahokia Police Department is not a "person" who is subject to suit under Section 1983. Plaintiff's designation of this defendant may represent an attempt to hold a municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). Municipal liability under Section 1983 arises from the execution of a government policy, custom, or widespread practice that causes a constitutional injury. *Id*. However, Plaintiff points to no such policy, custom, or widespread practice. Count 1 thus fails to state any claim for relief against this defendant and shall be dismissed.

**Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. When the Court is presented with a request for counsel by an indigent litigant, it must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case, both factually and legally, exceeds his capacity as a layperson to present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Plaintiff indicates that he lacks the resources necessary to retain counsel, but this misses the point. He must at least try to contact three attorneys to request *pro bono* representation before asking the Court to help him find counsel. Plaintiff has not provided any evidence of his efforts to locate counsel, such as copies of his letters to attorneys, a list of attorneys or firms contacted, dates of each contact, and responses he received. Further, Plaintiff identified no barriers to representation that outweigh his demonstrated ability to represent himself. Plaintiff's complaint is well-organized, coherent, and timely. Given all of this, the Court finds that the motion should be denied without prejudice at this time. Plaintiff is free to renew his request by filing a new motion at any time it becomes necessary to do so as the case proceeds.

**Disposition**

**IT IS ORDERED** that **COUNT 2** against **RICHARD WATSON** is **SEVERED** into a new case, which shall be captioned: **WILLIE WELDON, Plaintiff vs. RICHARD WATSON, Defendant.**

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) The Complaint (Doc. 1);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) This Memorandum and Order Severing Case.

**IT IS ORDERED** that Defendant **RICHARD WATSON** is **DISMISSED** with prejudice from this action, and the Clerk of Court is **DIRECTED** to **TERMINATE** this individual as a party to *this action* in CM/ECF.

The **only claim remaining in this action** is **COUNT 1** against **CAHOKIA POLICE DEPARTMENT**.  The Clerk of Court is **DIRECTED** to modify the case caption as follows: **WILLIE WELDON, Plaintiff vs. CAHOKIA POLICE DEPARTMENT, Defendant.**

However, **IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  **CAHOKIA POLICE DEPARTMENT** is **DISMISSED** with prejudice, and the Clerk's Office is **DIRECTED** to **TERMINATE** the **CAHOKIA POLICE DEPARTMENT** as a defendant in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" against those defendants who were involved in the use of excessive force against him on or before **November 18, 2021**. If he does not know their identity, Plaintiff should refer to the individuals using a generic name (*e.g.*, John/Jane Doe 1, John/Jane Doe 2, etc.).  If Plaintiff fails to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  Because Count 1 was dismissed for failure to state a claim upon which relief may be granted, the dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

The Clerk's Office is **DIRECTED** to provide Plaintiff with this Court's standard civil rights complaint form for use in preparing a First Amended Complaint.  If he does choose to proceed with this action, it is strongly recommended that Plaintiff use this civil rights complaint

form. He should label the form "First Amended Complaint" and list the case number for this action (No. 21-cv-00684-JPG) on the first page.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 10/20/2021**

                                                          s/J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **United States District Judge**